**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ARTHUR GHEE, | : | |
| Appellant, | : | CIVIL ACTION NO. |
| | : | 1:07-CV-01779-RWS |
| v. | : | |
| RETAILERS NATIONAL BANK, TARGET VISA (DOUGLAS SCOVANNER), CHRISTIE COMES, ATTORNEY CRAIG R. GOODMAN, ATTORNEY RUTHANNE W. GOODMAN, JUDGE JOHNNY PANOS, | : | |
| Appellees. | : | |

**<u>ORDER</u>**

This case is before the Court on Appellant's Motion to Appeal *In Forma Pauperis* [72]. After reviewing the entire record, the Court enters the following Order.

**Background**

On August 8, 2003, Appellant Arthur Ghee received a Chapter 7 discharge in bankruptcy court. One of the discharged debts involved Appellant's obligation to Appellee Retailers National Bank ("RNB") for charges made on a Target retail credit card. Subsequently, RNB commenced a separate action in state court against Plaintiff's spouse, Dedra Ghee, alleging that Mrs. Ghee was a co-obligor on the account and liable for the debt.[1] On January 9, 2006, the state court entered judgment in favor of RNB and against Mrs. Ghee in the amount of $10,811.55.

On January 9, 2006, Appellant commenced an adversary proceeding in bankruptcy court, alleging that when RNB and Target sought payment from Mrs. Ghee as a co-obligor on the account, their actions (as well as those of their lawyers and of the state court judge) amounted to conspiracy to commit fraud, extortion, mail and wire fraud, and racketeering. Appellant also alleged that RNB and Target's suit against Mrs. Ghee violated Appellant's discharge injunction.

---

[1]This case was styled Target National Bank f/k/a/ Retailers National Bank-Target Visa v. Dedra Ghee, Civil Action No. 05A-3374-4 (DeKalb State Court Apr. 4, 2006).

On February 23, 2007, the bankruptcy court issued an Order granting each of the several Appellees' motions to dismiss the adversary proceeding [60]. In regard to the non-bankruptcy claims (fraud, extortion, mail and wire fraud, and racketeering), the court found that it lacked subject matter jurisdiction under 28 U.S.C. § 157 to hear the claims. As to the claim that Appellees violated the discharge injunction, the court found that it did have subject matter jurisdiction, but found no violation since any action taken against Mrs. Ghee, who was not a party to Appellant's bankruptcy proceedings, could not violate Appellant's discharge order.

On March 2, 2007, Appellant timely filed a Motion for Reconsideration [62]. In this Motion, Appellant argued that the bankruptcy court did have subject matter jurisdiction over the non-bankruptcy claims. He also proffered a billing statement sent to him by RNB on April 4, 2005, the mailing of which statement, he contended, was in violation of the discharge order. The bankruptcy court denied the Motion for Reconsideration in an Order issued on June 18, 2007 [69]. The court concluded that Appellant had asserted no factual or legal basis for reconsideration of the ruling regarding the lack of subject matter jurisdiction over the bankruptcy claims. Further, the court rejected

3

Appellant's assertion that the April 4, 2005 billing statement from RNB constituted a violation of the discharge order. The court reasoned that since Appellant should have advanced this argument in his Complaint [1] and since Appellant had suffered no damages from the mere mailing of the statement, he was precluded from raising such theories in his Motion for Reconsideration.

Appellant timely filed his notice of appeal challenging the bankruptcy court's dismissal of his complaint and the court's denial of his motion to reconsider [71]. He now moves to proceed *in forma pauperis* [72].

## Discussion

Motions to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915.[2] In pertinent part, § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the

---

[2] "A conflict exists among the federal circuits and among the district and bankruptcy courts of this circuit as to whether a bankruptcy court is considered a 'court of the United States' under 28 U.S.C. §1915, which would permit bankruptcy judges to determine whether an appellant may proceed *in forma pauperis* pursuant to that statute." In re Evans, No. 3:06CV547/MCR/EMT, 2007 WL 1288691, at *2, n. 2 (N.D. Fla. Apr. 30, 2007). In any event, this Court has authority to determine *in forma pauperis* status. In the interest of efficiency, the Court will address the issue itself, without deciding whether the Bankruptcy Court could have addressed the issue in the first instance.

> person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Thus, two requirements must be satisfied by a party wishing to prosecute an appeal *in forma pauperis*: first, the party must show an inability to pay; and second, the appeal must be brought in good faith.

Appellant has submitted an affidavit demonstrating his inability to pay the filing fee required for an appeal. Having reviewed that filing, the Court finds that he has made the requisite showing. The Court now turns to examine whether Appellant has satisfied the good faith requirement.

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d

5

392, 393 (11th Cir. 1993). In other words, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

Appellant seeks to appeal two main issues: (1) whether the bankruptcy court erred in dismissing his claim that the discharge order had been violated, and (2) whether the bankruptcy court erred in dismissing the non-bankruptcy claims. For the reasons stated below, the Court determines that Appellant's Motion to Appeal *in Forma Pauperis* is due to be denied, as both of Appellant's claims on appeal are without arguable merit and suffer from frivolity.

First, Appellant's claim that the bankruptcy court erred in dismissing his claim that the discharge order had been violated is frivolous because Appellant fails to present any colorable argument that the bankruptcy court erred in declining to consider that aspect of his claims. After reviewing the record, the

6

AO 72A
(Rev.8/82)

Court finds that there is no arguable basis for concluding that the bankruptcy court was incorrect in dismissing any claim based on the mailing of the April 4, 2005 billing statement. This issue was not raised in the original complaint, which focused instead on the theory that the discharge order was violated by the proceedings brought against Mrs. Ghee. As the bankruptcy court aptly noted, a party cannot raise legal arguments in a motion for reconsideration which could or should have been raised before the original judgment was issued. O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).

Second, Appellant's claims for relief based on theories of conspiracy to commit fraud, extortion, mail and wire fraud, and racketeering are frivolous as well because these claims are beyond the limits of the bankruptcy court's subject matter jurisdiction. Under 28 U.S.C. § 157(b), bankruptcy courts may only hear "cases under Title 11," "core proceedings arising under title 11," and cases "arising in a case under title 11." Id. Core proceedings are specifically defined in § 157(b)(2), and, as the bankruptcy court properly held, none of these non-bankruptcy claims is a core proceeding over which a bankruptcy court could exercise subject matter jurisdiction. In short, Appellant makes no colorable argument to support the conclusion that the bankruptcy court had

7

AO 72A
(Rev.8/82)

subject matter jurisdiction over Appellant's claims involving fraud, extortion, or racketeering, and thus his appeal of this issue does not meet the good faith standard.

Accordingly, Appellant has not presented any issues which are capable of being convincingly argued. The Court finds that the appeal is frivolous and not in good faith.

## Conclusion

For the reasons stated herein, Appellant's Motion to Appeal *in forma pauperis* [72] is hereby **DENIED**. Appellant shall pay the filing fee within ten (10) days of the entry of this Order, or the appeal shall be dismissed.

**SO ORDERED** this __27th__ day of August, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)